UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DAVID FITZGERALD LINDSAY, a/k/a
Big Dave,
Defendant-Appellant.

No. 99-4819

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-69)

Submitted: September 14, 2000

Decided: September 25, 2000

Before WIDENER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph M. Wilson, Jr., BROWNE, FLEBOTTE, WILSON & HORN,
P.L.L.C., Durham, North Carolina, for Appellant. Walter C. Holton,
Jr., United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Fitzgerald Lindsay appeals from the conviction and sentence entered upon his guilty plea. We affirm.

Pursuant to a written plea agreement, Lindsay pled guilty to conspiracy to distribute cocaine and cocaine base. The agreement provided that the Government would not file a notice of prior convictions under 21 U.S.C. § 851(a) (1994). The agreement also included a waiver of Lindsay's appellate rights. Lindsay contends that his plea was involuntary because the district court did not inform him that the § 851 stipulation permitted consideration of his criminal history at sentencing. The Government requests that we dismiss this appeal pursuant to Lindsay's appeal waiver.

We first address the Government's request that we dismiss this appeal. The terms of Lindsay's waiver embraced appellate challenges to his sentence and post-conviction challenges to both the sentence and the underlying conviction; Lindsay did not waive direct review of his conviction. Because the waiver does not apply to Lindsay's claim that his plea was involuntary, we decline to dismiss the appeal.

Nevertheless, we conclude Lindsay is not entitled to relief. Both the limited nature of the § 851 stipulation and the expansive terms of another provision of the plea agreement--under which both parties reserved the right to offer relevant information at sentencing-- demonstrate that Lindsay was on notice that the sentencing court could consider his prior convictions. Furthermore, Lindsay affirmed at the plea colloquy that he had discussed both the plea agreement and the United States Sentencing Guidelines with his attorney. Thus, the record establishes that Lindsay's plea was not rendered involuntary by the district court's failure to advise him about the effect of his criminal record on sentencing calculations.

2

For these reasons, we deny the Government's request for dismissal but affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

s